## MEMPHIS *v.* CARRINGTON.

### (*Jackson.*  May 19, 1892.)

1. TAXATION.  *Of insurance agencies by city.  Construction of ordinance*

The tax is laid upon insurance agencies, and not upon insurance companies, by the clause in the Act authorizing creation of taxing districts which imposes a privilege tax of $200 per annum for each company represented, "upon the privilege of opening and establishing an office or agency for the insurance of fire, life, or accident in the taxing district for companies not chartered by the laws of the State of Tennessee."

Acts construed: Acts 1879, Ch. 84.

Cases cited: Insurance Company *v.* Taxing District, 4 Lea, 644; 120 U. S:, 489; 10 Wall., 566.

2. REPEAL OF STATUTES.  *Not effected by implication, when.*

And hence said tax upon insurance agencies for municipal purposes is not repealed by implication by the imposition of taxes upon insurance companies in subsequent tax-laws providing revenue for State and county purposes in these terms, to wit: "That all insurance companies shall pay to the Insurance Commissioner the following taxes in lieu of all other taxes, to wit: Two and one-half per cent. on gross premium receipts for foreign insurance companies."  There is no necessary repugnancy between the two statutes.

---

FROM SHELBY.

---

Appeal in error from Circuit Court of Shelby County.  L. H. ESTES, J.

F. T. EDMONDSON and METCALF & WALKER for Memphis.

CRAFT & CRAFT and TURLEY & WRIGHT for Carrington.

LURTON, J.   The defendants, Carrington, Mason & Sons and F. B. Hunter, are insurance agents, and have their office and agency established in the city of Memphis.  These suits were brought to recover from them the privilege tax claimed to be due to the plaintiff under an Act of the Legislature, passed January 29, 1879, known as the "Taxing District Charter Act."   The seventh section thereof is as follows:

"*Be it further enacted,* That the following named kinds of business and occupations be, and the same are hereby, declared taxable privileges, and shall be taxed as herein provided, and the exercising of any of said privileges without first paying the tax hereby fixed, shall be a misdemeanor."

Section 53 of the same Act is in these words: "Upon the privilege of opening and establishing an office or agency for the insurance of fire, life, or accident in the taxing district for companies not chartered by the laws of the State of Tennessee, $200 per annum for each company represented, payable quarterly in advance."

This Act was amended in 1881, by Ch. 85, Sec. 18, so as to reduce said privilege tax from $200 to $100.

The defendants resist the collection of this tax,

upon the ground that Section 53, which imposes it, has been repealed by the revenue Acts of 1887, 1889, and 1891, each of which contains a provision substantially as follows: "That all insurance companies shall pay to the Insurance Commissioner the following taxes in lieu of all other taxes, to wit: Two and one-half per cent. ou gross premium receipts for foreign insurance companies."

The first question which arises is as to whether this privilege tax is due from the agent personally or from the insurance companies represented. In view of doubts as to the proper construction of the Act in this regard, both the agents and the companies have been made defendants in the first case.

Upon careful consideration, we are of opinion that this tax is upon the privilege of opening and establishing an office or agency for the representation of foreign insurance companies. The insurance companies have not opened an office, but Messrs. Carrington, Mason & Sons have.

The business they propose to do is the representation of insurance companies not chartered by this State. The doing of such business, and the conducting of such an agency, is made a privilege. The tax is graduated by the number of companies represented.

Very many kinds of business and occupations are enumerated in the same Act, and made taxable privileges, such as auctioneers, steam-boat agents,

33—7 P

claim agents, real estate agents, etc. The tax, by the express words of the Act, is "upon the privilege of opening and establishing an office or agency * * * for companies not chartered by the laws of the State of Tennessee."

The case of *Ficklin et al.* v. *Taxing District*, decided by this Court in 1889, and recently affirmed by the Supreme Court of the United States, is in point as to the proper construction of this section. In that case it appeared that Ficklin was engaged in and did business as a general merchandise broker, and, as such, was taxed under Sec. 9, Ch. 96, of the amended taxing district Act of 1881. Claiming to represent only foreign principals, Ficklin resisted the tax, upon the ground that it was a tax upon his principals, and, as such, a tax upon interstate commerce, and that the tax fell within the principle of the case of *Robbins* v. *Taxing District*, 120 U. S., 489. This Court thought the case was to be distinguished, in that Robbins represented a single firm as their agent or drummer, while Ficklin held himself out as a general merchandise broker, and that the tax was put upon the privilege or business of a general merchandise broker, and was not, therefore, in fact or in effect a tax upon the persons or firms represented by him.

This view was affirmed, the opinion not being yet reported. It is true that the question there was as to whether the tax was one upon interstate commerce, and that no such question can

arise here, inasmuch as the business of insurance is not commerce. *Liverpool and London Fire Ins. Co.* v. *Oliver*, 10 Wall., 566. But the case is applicable, in that the tax was held to be upon the agent personally, and not one upon the persons represented by him.

The case of the *Home Insurance Company* v. *Taxing District*, 4 Lea, 644, has been relied upon as determining that this tax is one upon the insurance companies, and not upon the agency. That was an agreed case, "to test the liability of the insurance companies doing business in the Taxing District of Shelby County to pay a privilege tax to the municipality." The sole question submitted and argued, and the sole question decided, as is shown by the opinion itself, was whether or not the Act of 1875, entitled "An Act to regulate the business of fire and all except life insurance companies," whereby a tax was imposed upon insurance companies which shall be in lieu of all other taxes, was repealed by section fifty-three of the subsequent taxing district Act of 1879. The Court was not called upon and did not determine the question here presented. The tax being imposed on the agent personally, and not on the company represented, it was not affected by the legislation regarding a tax upon the companies.

Judgment reversed, and judgment here in accordance with this opinion.